Tamara SULLIVAN, Appellant–Plaintiff,

v.

Noell KRUGHOFF In Her Capacity as Chairperson of The Shelby County Democratic Central Committee, Appellee–Defendant.

No. 73A01–0802–CV–62.

Court of Appeals of Indiana.

July 24, 2008.

Jason P. Wischmeyer, McNeely, Stephenson, Thopy & Harrold, Shelbyville, IN, Attorney for Appellant.

J.D. Lux, Lux & Lux, P.A., Shelbyville, IN, Attorney for Appellee.

## OPINION

MATHIAS, Judge.

Respondent–Appellant Tamara Sullivan ("Sullivan") appeals from the trial court's judgment finding that Val Phares was the duly elected representative of the Fourth Ward to the Shelbyville Common Council as a result of the 2007 general election.

We affirm and remand.

### Facts and Procedural History

The 2007 election of the Shelbyville Common Council, Fourth Ward resulted in a tie between Republican Tamara Sullivan and Democrat Val Phares. Each had received a total of 345 votes, the tallies of which included twenty-four absentee ballots. Following this result, Petitioner–Appellee Noell Krughoff sought a recount. The trial court appointed a commission that subsequently conducted the recount.

The recount commission first counted the ballots that were cast using the electronic touch screen machines at polling locations in the Fourth Ward precincts on election day and those which had been counted during the early voting period on the electronic touch screen machines located at the Shelby County Courthouse prior to election day. After this count, Phares received 336 votes and Sullivan received 330 votes.

The recount commission then counted the absentee ballots cast by mail and through the traveling absentee board. In Shelby County, a ballot card system is used for casting absentee ballots by mail or by use of the traveling absentee board.

Before actual counting began, the commission noted that neither the absentee voting board members' initials nor the Shelby County Clerk's seal was endorsed on the back of the absentee ballot cards.[1] However, the initials of the absentee voting board members and the seal of the Shelby County Clerk were endorsed on the security envelopes that the absentee voters placed their ballot cards into before placing them in the outer envelope for mailing or otherwise returning to the Clerk's office. The Clerk separated the inner security envelopes and the ballot cards but kept them within their respective mailing envelopes. The commission then voted 2 to 1 to include the ballot cards despite the lack of initials or seal. After this recount, Phares received 9 absentee votes and Sullivan received 15 absentee votes and the vote total was tied at 345 votes for each candidate. The commission certified a tie.

Krughoff filed a notice of appeal of Recount Commission Certificate. On January 9, 2008, the trial court held a hearing on Krughoff's notice and received evidence. On January 18, 2008, the trial court asked for and received additional information. On February 4, 2008, the trial court ordered that none of the absentee ballots be counted and certified the election totals as follows: Phares with 336 votes and Sullivan with 330 votes.

Sullivan appeals. The trial court stayed its order pending the result of this appeal.

### Discussion and Decision

■ The issue before us is not how a statute should be interpreted but which

---

1. The County Clerk's seal is not a requirement under Indiana Code § 3–12–1–13 or § 3–11– 13–28.

statute is to be applied to this situation. Sullivan argues that the trial court applied the wrong statute when it ordered that all of the absentee ballots cast in the Shelbyville Common Council, Fourth Ward, not be counted.

When it concluded that the absentee ballots should not be counted, the trial court relied on Indiana Code section 3–12–1–13 (2006), which provides:

(a) *This section applies only to absentee ballots.*

(b) The whole ballot may not be counted unless the ballot is endorsed with the initials of:

(1) the two (2) members of the absentee voter board in the office of the circuit court clerk, under IC 3–11–4–19 or IC 3–11–10–26; or

(2) the two (2) appointed members of the county election board (or their designated representatives) under IC 3–11–4–19.

Indiana Code § 3–12–1–13 (2006) (emphasis added).

Sullivan argues that instead of referring to Indiana Code section 3–12–1–13, the trial court should have referred to Indiana Code section 3–11–13–28 (2006), regarding ballot cards, which states as follows:

(a) *This section does not apply to a ballot card voted by absentee ballot.*

(b) The two (2) poll clerks of each precinct shall place their initials in ink on the back of each ballot card at the time the card is issued to a voter. The initials must be in the poll clerks' ordinary handwriting or printing and without a distinguishing mark of any kind.

(c) *Except as provided in IC 3–12–1–12,* a ballot card is not valid unless it is initialed by both poll clerks.

Indiana Code § 3–11–13–28 (2006) (emphasis added).

We initially note that by its own language in subsection (a), Indiana Code section 3–11–13–28 does not apply. In addition, the exception contained in Indiana Code section 3–12–1–12 (2006), provides:

(a) This section applies to votes cast by any method.

(b) *Except as provided in section 13 of this chapter,* a ballot that has been marked and cast by a voter in compliance with this title but may otherwise not be counted solely as the result of the act or failure to act of an election officer may nevertheless be counted in a proceeding under IC 3–12–6, IC 3–12–8, or IC 3–12–11 unless evidence of fraud, tampering, or misconduct affecting the integrity of the ballot is presented by a party to the proceeding.

(c) The act or failure to act by an election officer is not by itself evidence of fraud, tampering, or misconduct affecting the integrity of the ballot.

(emphasis added). While this section seems to relax the requirement that poll clerks sign the ballot card, by its further exception for Indiana Code section 3–12–1–13, the section requires all of the endorsements set forth in Indiana Code section 3–12–1–13 for *absentee* ballots.

■ When these sections are carefully examined, there is no conflict. An absentee ballot, which is what is at issue in this case, may not be counted unless it has been properly endorsed. Indiana Code § 3–12–1–13. The absentee ballots cast in the Shelbyville Common Council, Fourth Ward election were not properly endorsed under the statute. A careful reading and comparison of the statutes at issue makes clear that *absentee* ballots of any type

must be endorsed as described in Indiana Code section 3–12–1–13 in order to be valid.

We therefore affirm and remand for the trial court to order that Val Phares be installed as Councilperson for the Shelby-ville Common Council, Fourth Ward immediately, upon receipt of this opinion.

MAY, J., and VAIDIK, J., concur.